FILED BY ___ D.C.

05 SEP 21 AM 10: 47

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
## FOR WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

**JEFFERSON D. GILDER,**

    Plaintiff,

vs.

**VENCOR NURSING CENTERS LIMITED PARTNERSHIP, k/n/a Kindred Nursing Centers Limited Partnership, d/b/a Cordova Rehabilitation & Nursing Center,**

    Defendant.

Case No. 04-2852 D V

---

## ORDER ADMINISTRATIVELY CLOSING CASE

---

It appears to the court that the parties have notified the court that they have resolved their dispute, however, they are completing the paperwork to memorialize the resolution. This court, therefore, will administratively close the above-captioned case pursuant to its inherent powers as it appears that no further case administration is warranted at this time.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the court and in nowise affects the substantive and/or procedural rights of the parties in interest to proceed before this court at a later date. To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

It also is expressly emphasized that an administratively closed case can be easily reopened

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

by a simple order of the court without the necessity of a reopening filing fee should the case require further administration. Upon its reopening, the case then becomes, ipso facto, a statistically active case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Accordingly,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive and/or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

**IT IS SO ORDERED** this _20_ day of _September_, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

2

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 29 in case 2:04-CV-02852 was distributed by fax, mail, or direct printing on September 22, 2005 to the parties listed.

---

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

William Lee Maddux
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

Jamie W. Howell
GILDER HOWELL & ASSOCIATES, P.A.
7090 Malco Blvd.
Ste. 111
Southaven, MS 38671

W. Jeffrey Hollingsworth
CHAMBLISS BAHNER & STOPHEL
1000 Tallan Bldg.
Chattanooga, TN 37402

F. Laurens Brock
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallan Bldg.
Chattanooga, TN 37402

Daryl J. Brand
CHAMBLISS BAHNER & STOPHEL
Two Union Square
1000 Tallen Bldg.
Chattanooga, TN 37402

Deborah Whitt Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Darrell E. Baker
BAKER & WHITT PLLC
6800 Poplar Ave.
Ste. 205
Memphis, TN 38138

Honorable Bernice Donald
US DISTRICT COURT